a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEFFERY SCOTT DARBONNE,** Plaintiff | CIVIL DOCKET NO. 1:24-CV-00958 |
| **VERSUS** | **JUDGE DRELL** |
| **DONOVAN DUPUY ET AL,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Jeffery Scott Darbonne ("Darbonne"). Darbonne is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Allen Correctional Center in Kinder, Louisiana. Darbonne complains that he was wrongfully convicted of a disciplinary violation and subjected to excessive force.

Because Darbonne's Complaint is barred by res judicata and is untimely it should be DENIED and DISMISSED with prejudice.

I. Background

Darbonne alleges that he was wrongfully accused of failing to follow orders on January 19, 2021. ECF No. 1 at 4. He asserts that Lt. Col. Dupuy "launched a verbally abusive assault" and ordered Darbonne to submit to restraints. *Id.* Lt. Col. The officer allegedly exerted excessive force, striking Darbonne while restrained. *Id.*

Darbonne asserts that his disciplinary report related to the incident was falsified. He alleges that Major Veade denied his request for a polygraph in violation

1

of his constitutional rights. *Id.* at 5. Darbonne alleges that he was found guilty and sanctioned with 12 months of segregation. *Id.* Darbonne claims that Col. Nichols required him to sign a form indicating that he was participating in an anger management program rather than disciplinary segregation. *Id.*

II. <u>Law and Analysis</u>

    A. <u>Darbonne's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Darbonne's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B. <u>Darbonne's claims are barred by res judicata.</u>

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213–14 (N.D. Tex. 2020) (citations omitted). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428

F.3d 559, 571 (2009) (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

Darbonne previously filed suit against the same Defendants regarding the incident of January 19, 2021. *See Darbonne v. Johnson*, 1:22-CV-00680, 2022 WL 6274412, at *1 (W.D. La. 2022), *report and recommendation adopted*, 22-CV-680, 2022 WL 6230413 (W.D. La. 2022). Darbonne only sought relief against Defendants in their official capacities. *Id.* The Complaint was denied and dismissed with prejudice. *Id.*

Darbonne now attempts to raise the same claims against the same Defendants in their individual capacities for the incident on January 19, 2021. Because Darbonne previously filed a lawsuit involving the same parties, that resulted in a final judgment on the merits, rendered by a court of competent jurisdiction, concerning the same incident, the claim is precluded.

### C. Darbonne's Complaint is untimely.

Even if Darbonne's Complaint was not barred by res judicata, it is untimely. The limitations period in Louisiana was one year at the time of the alleged constitutional violation. La. Civ. Code art. 3492.[1] Over three years have passed since the incident.

## III. Conclusion

Because Darbonne's claims are barred by res judicate and untimely, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED with prejudice under § 1915A and § 1915(e)(2).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[1] The limitations period was recently changed to two years, but that statute only applies prospectively.   La. Civ. Code. Art. 3493.1.

SIGNED on Tuesday, October 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5